MICHAEL L. CHARLSON (Bar No. 122125)
MAREN J. CLOUSE (Bar No. 228726)
HOGAN & HARTSON LLP
525 University Avenue, 4th Floor
Palo Alto, California 94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199
mlcharlson@hhlaw.com
mjclouse@hhlaw.com

Attorneys for Petitioner
CALVIN COLEMAN, JR.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALVIN COLEMAN, JR., <br><br> Petitioner, <br><br> v. <br><br> DERRAL G. ADAMS, <br> Warden, California State Prison, Corcoran, <br><br> Respondent. | Case No. C 90-1588-VRW <br><br> **STIPULATION AND [PROPOSED] ORDER DISMISSING PETITION IN LIGHT OF PETITIONER'S RE-SENTENCING TO LIFE WITHOUT POSSIBILITY OF PAROLE** |

This Stipulation is entered into as of April 24, 2009, by and between Petitioner Calvin Coleman, Jr., through his counsel of record, and Respondent Derral G. Adams, Warden, California State Prison, Corcoran.

WHEREAS, Mr. Coleman was convicted of eight separate Counts alleged in an Information numbered 10143-C (the "Information"), in the Superior Court of the State of California for the County of Sonoma, Case No. 10143C on August 27, 1981;

WHEREAS, on August 27, 1981, Mr. Coleman was sentenced to death on Count I of the Information, for violation of Section 187 of the California Penal Code with special circumstances; and sentenced to an aggregate prison term of 25 years and 4 months on Counts II through VIII of the Information;

1

WHEREAS, following the direct appeal process, Mr. Coleman's execution was set for June 15, 1990;

WHEREAS, on or about June 6, 1990, Mr. Coleman filed in this Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

WHEREAS, on July 15, 1991, Mr. Coleman filed in this Court a Finalized Petition for Writ of Habeas Corpus by a Person in State Custody Under Sentence of Death;

WHEREAS, on September 23, 1991, this Court ordered Mr. Coleman to exhaust state remedies;

WHEREAS, on November 22, 1991, Mr. Coleman filed his First Petition for Writ of Habeas Corpus in the California Supreme Court, Case No. S023949 (the "California Supreme Court"), which petition was denied on June 10, 1992;

WHEREAS, Mr. Coleman filed his Amended Finalized Petition for Writ of Habeas Corpus in this Court on September 4, 1992;

WHEREAS, in separate orders dated October 17, 2001 and April 11, 2002, this Court granted Mr. Coleman's requests for an evidentiary hearing and for further factual development as to certain of his claims for relief, including Mr. Coleman's claims based on ineffective assistance of counsel and cumulative error;

WHEREAS, Mr. Coleman's claims for relief by reason of his mental health status, including his mental retardation, were originally dismissed by this Court, this Court did so without prejudice to renewing those claims depending on the outcome of the U.S. Supreme Court's consideration of *Atkins v. Virginia,* a case in which the U.S. Supreme Court was to consider the constitutionality of executing the mentally retarded;

WHEREAS, the U.S. Supreme Court decided *Atkins v. Virginia* in opinions reported at 536 U.S. 304 (2002), holding that the execution of a mentally retarded person is impermissible under the Eighth Amendment to the U.S. Constitution;

WHEREAS, Mr. Coleman thereafter renewed his claim in this action that his sentence of death was unconstitutional because he is mentally retarded within the meaning of *Atkins* and may not be executed;

2

WHEREAS, by order dated February 22, 2005, this Court ordered Mr. Coleman to return to the California state courts to exhaust his claim that he is mentally retarded within the meaning of *Atkins* and may not be executed and ordered that this case, including consideration of unresolved claims raised in Mr. Coleman's petition, be held in abeyance pending the resolution of such state-court proceedings;

WHEREAS, Mr. Coleman filed his *Atkins*-based Petition for Writ of Habeas Corpus in the California Supreme Court, Case No. S133438, on April 28, 2005;

WHEREAS, the California Supreme Court, on March 29, 2006, issued an order stating that Mr. Coleman had made a *prima facie* showing that he is mentally retarded and directing the Director of the California Department of Corrections and Rehabilitation to show cause why Mr. Coleman's death sentence should not be vacated and Mr. Coleman sentenced to life imprisonment without the possibility of parole on the ground that he is mentally retarded within the meaning of *Atkins*, and returning the Petition to the Sonoma County Superior Court for that purpose;

WHEREAS, the Parties investigated and litigated the claims and issues related to Mr. Coleman's *Atkins*-based Petition in further proceedings before the Sonoma County Superior Court, Honorable René A. Chouteau presiding;

WHEREAS, the Parties agreed that testing, including mental health testing by experts on behalf of the State, and the broader record reflect that Mr. Coleman is mentally retarded within the meaning of accepted scientific definitions of that condition and within the meaning of *Atkins*, *In re Hawthorne*, 35 Cal. 4th 40 (2005), and California Penal Code § 1376;

WHEREAS, the Parties reached a stipulated resolution of Mr. Coleman's *Atkins*-based Petition, which was presented to and ordered by Judge Chouteau at a status conference on August 27, 2008, and which provides that Mr. Coleman is mentally retarded with the meaning of *Atkins*, vacates his sentence of death in light of that fact, and sets his sentencing to life imprisonment without possibility of parole pursuant to Penal Code § 1376;

WHEREAS, Mr. Coleman was re-sentenced by Judge Chouteau on October 8, 2008 to life without possibility of parole;

WHEREAS, Mr. Coleman's re-sentencing based on his *Atkins*-related claim resulted in the

3

STIPULATION AND ORDER DISMISSING PETITION: Case No. C 90-1588-VRW

principal relief sought by Mr. Coleman's Petition;

WHEREAS, the other claims raised in Mr. Coleman's Petition have not been finally adjudicated and so could potentially be a basis for some relief for Mr. Coleman as requested by his Petition or otherwise; and

WHEREAS, in light of the fact that Mr. Coleman is no longer subject to a sentence of death, the Parties to this Stipulation believe that it is in the interests of justice and judicial economy to avoid further litigation in this Court or in the appellate courts;

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED by the parties, as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a), Mr. Coleman by this Stipulation hereby voluntarily dismisses his Petition without prejudice, except as to his *Atkins*-related claim, which has been fully adjudicated on the merits. Respondent does not object to the dismissal of the Petition but reserves the right to raise any and all statutory, equitable, or procedural bars/defenses to any new future lawsuit by Mr. Coleman raising any claims that were part of the Petition.

2. Having achieved the principal relief sought by Mr. Coleman's Petition, Michael L. Charlson and Hogan & Hartson LLP by this Stipulation seek to withdraw as counsel for Mr. Coleman in post-conviction proceedings before this Court. Respondent has no objection.

3. Michael L. Charlson and Hogan & Hartson LLP will seek approval to withdraw as Mr. Coleman's counsel for post-conviction proceedings in the California state courts.

4. Notwithstanding the dismissal of the Petition, counsel for Mr. Coleman may seek reimbursement of attorney's fees and costs for representation of Mr. Coleman as may be permitted by both state and federal law.

///
//
/

4

5. The signatories to this Stipulation represent and warrant that they have full authority to enter into this Stipulation on behalf of Mr. Coleman and Derral G. Adams, Warden, California State Prison, Corcoran, respectively.

DATED: April 24, 2009    HOGAN & HARTSON LLP

By _____/s/_____
Michael L. Charlson

Attorneys for Petitioner
CALVIN COLEMAN, JR.

DATED: April 24, 2009    OFFICE OF THE ATTORNEY GENERAL
STATE OF CALIFORNIA

By _____/s/_____
Mark S. Howell

Attorneys for Respondent
DERRAL G. ADAMS, WARDEN CALIFORNIA STATE PRISON, CORCORAN

### ORDER

On stipulation of the parties and the record of this action, and good cause appearing:

1. Mr. Coleman's Amended Finalized Petition for Writ of Habeas Corpus is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a), with each party bearing its own costs.

2. Having achieved the principal relief sought by Mr. Coleman's Petition, Michael L. Charlson and Hogan & Hartson LLP are hereby permitted to withdraw as counsel for Mr. Coleman and are relieved of further obligation to represent Mr. Coleman.

IT IS SO ORDERED.

DATED: __May 4_____, 2009    _____
HONORABLE JOHN R. WALKER
UNITED STATES DISTRICT JUDGE

*IT IS SO ORDERED / Judge Vaughn R Walker*

5

STIPULATION AND ORDER DISMISSING PETITION: Case No. C 90-1588-VRW

GENERAL ORDER 45 ATTESTATION

I, Michael L. Charlson, am the ECF User whose ID and password are being used to file this JOINT STATUS REPORT. In compliance with General Order 45, X.B., I hereby attest that Mark S. Howell, attorney for Respondent, has concurred in this filing.

Dated: April 24, 2009                   /s/ Michael L. Charlson

                                        Attorney for Petitioner
                                        CALVIN COLEMAN, JR.

6

# PROOF OF SERVICE BY MAIL

I, Kristine May, declare as follows:

I am employed with the law firm of Hogan and Hartson LLP, whose address is 525 University Avenue, Palo Alto, California 94301. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen years and not a party to this action.

On April 24, 2009, I served the following:

**STIPULATION AND [PROPOSED] ORDER DISMISSING PETITION IN LIGHT OF PETITIONER'S RE-SENTENCING TO LIFE WITHOUT POSSIBILITY OF PAROLE**

on the below parties in this action by placing a true copy thereof in a sealed envelope, addressed as shown, for collection and mailing pursuant to the ordinary business practice of this office which is that correspondence for mailing is collected and deposited with the United States Postal Service on the same day in the ordinary course of business:

**Michael G. Millman**
California Appellate Project
101 Second St., Suite 600
San Francisco, CA 94105

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Palo Alto, California on April 24, 2009.

By _____/s/_____
KRISTINE MAY